

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANE VANHOVEN, | Case No. 1:22-cv-04296 |
| Plaintiff, | Judge Marvin E. Aspen |
| | Magistrate Judge Jeffrey Cole |
| vs. | RANDOM |
| RESIDENTS ENERGY, LLC, | |
| Defendant. | |

## COMPLAINT

Plaintiff, Shane VanHoven, ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and its implementing regulations, the Illinois Telephone Solicitations Act, and the Illinois Automatic Telephone Dialers Act, against Defendant Residents Energy, LLC ("Residents Energy" or "Defendant"), and alleges based on personal knowledge and information and belief:

## INTRODUCTION

1. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335, 2343 (2020).

1

2. Plaintiff brings this action against Defendant for violations of the TCPA, 47 U.S.C. § 227, its implementing regulations, 47 C.F.R § 64.1200, the Illinois Telephone Solicitations Act ("ILTSA"), 815 ILCS 413, and the Illinois Automatic Telephone Dialers Act, 815 ILCS 305.

3. This case involves a campaign by Defendant to obtain business via itself or affiliates making telemarketing calls, despite not having the required consent to do so, to solicit electric supply plans.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the claims herein under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendant as it regularly and systemically conducts business in the state of Illinois. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resided within this district when the call was made.

6. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff Shane VanHoven is a natural person residing in Elmhurst, Illinois.

8. Defendant Residents Energy, LLC ("Residents Energy") is a New York entity which is also registered with the Illinois Secretary of State as a Foreign LLC, with a registered agent of Illinois Corporation Service Company located at 801 Adlai Stevenson Drive Springfield, IL 62703.

9. Defendant is a person as defined by 47 U.S.C. § 153(39).

10. Defendant acted through its agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

**STATUTORY BACKGROUND**

11. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, or an automatic telephone dialing system, without the call recipient's prior express consent or where the call is made for emergency purposes. See 47 U.S.C. § 227(b); In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012).

12. The TCPA provides a private cause of action to persons who receive such automated or -pre-recorded calls. See 47 U.S.C. § 227(b)(3).

13. The TCPA makes it unlawful to receive more than one telephone call which violates the TCPA regulations "Do Not Call" provisions. See 47 C.F.R. § 64.1200(c)(2).

14. The TCPA provides a private cause of action to persons who receive such "Do Not Call" calls. See 47 U.S.C. § 227(c)(5)(B).

15. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

16. The TCPA applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

17. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." See In re Rules & Regulations Implementing the TCPA, 10 FCC Rcd. 12391, 12397 (1995).

18. The TCPA requires "Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list." 47 C.F.R § 64.1200(d)(1).

19. The Illinois Telephone Solicitations Act requires telephone solicitors to "inquire at the beginning of the call whether the person called consents to the solicitation." 815 ILCS 413/15.

20. The Illinois Telephone Solicitations Act prohibits "solicit[ing] the sale of goods or services by telephone in a manner that impedes the function of any caller ID when the telephone solicitor's service or equipment is capable of allowing the display of the solicitor's telephone number." 815 ILCS 413/15.

21. The Illinois Automatic Telephone Dialers Act states "An autodialer may not be operated in a manner that impedes the function of any caller ID when the telephone solicitor's service or equipment is capable of allowing the display of the solicitor's telephone number." 815 ILCS 305/15.

22. The Illinois Automatic Telephone Dialers Act provides a penalty of $500 per violation of the Act. 815 ILCS 305/30.

## ALLEGATIONS

23. At all times relevant hereto, Plaintiff maintained and used a residential telephone line, with phone number (612) XXX-2625.

24. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

25. Plaintiff is the account holder and customary user of his phone number.

26. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around July 1, 2021.

27. Plaintiff registered his phone number on the Do Not Call Registry to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

28. References to a call from Defendant refers to a call from Defendant, or a call made by its affiliate, partner, or other entity having the authority to market services Defendant sells.

29. Call 1. On or about July 1, 2022, at 5:33 PM Chicago time, Plaintiff received a telephone call from Defendant, from 888-525-0683.

30. Plaintiff missed this call.

31. Call 2. On or about July 6, 2022, at 10:57 AM Chicago time, Plaintiff received a telephone call from Defendant, from 888-525-0683.

32. Plaintiff missed this call.

33. Call 3. On or about July 14, 2022, at 10:02 AM Chicago time, Plaintiff received a telephone call from Defendant, from 888-525-0683.

34. Plaintiff missed this call.

35. Call 4. On or about July 15, 2022, at 7:32 PM Chicago time, Plaintiff received a telephone call from Defendant, from 888-525-0683.

36. Plaintiff missed this call.

37. Call 5. On or about July 21, 2022, at 4:57 PM Chicago time, Plaintiff received a telephone call from Defendant, from 888-525-0683.

38. Plaintiff missed this call.

39. Call 6. On or about July 25, 2022, at 10:56 AM Chicago time, Plaintiff received a telephone call from Defendant, from 888-525-0683.

40. Plaintiff missed this call.

41. Call 7. On or about August 8, 2022, at 2:52 PM Chicago time, Plaintiff received a telephone call from Defendant, from 888-525-0683.

42. Plaintiff answered the telephone during Call 7, and was provided a call back number of 888-278-1797 and spoke to an Edward. Edward was soliciting services for Plaintiff to purchase energy from Defendant. When Plaintiff asked Edward how he called, Edward stated that the numbers are "automatically called" and that the representatives simply talk to whoever they get.

43. Each call made utilized the same telephone number. When Plaintiff answered Call 7, Defendant engaged in solicitation of products and services. Were Plaintiff to have answered any of the other telephone calls, Defendant would have engaged in solicitation of products and services.

44. A search online of the telephone number that called Plaintiff reveals that this telephone number makes telephone calls to other individuals for the same purpose as that call made to Plaintiff. https://lookup.robokiller.com/p/888-525-0683

45. On August 13, 2022, when Plaintiff attempted to call the telephone number that called back, he was informed that the number had been disconnected and no longer in service.

46. Defendant spoofed its caller ID by not calling from a telephone number that could be called back.

6

47. The above calls were made by Defendant for the purpose of soliciting a service - to purchase electricity.

48. The conduct alleged in this action was made willful and knowingly.

49. Defendant' call to Plaintiff utilized an automatically generated and/or pre-recorded voice.

50. Defendant' phone call utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

51. Defendant did not have any consent to call Plaintiff.

52. Defendant is not an organization exempt from the TCPA.

53. Defendant's calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

54. Defendant's calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

55. Upon information and belief, Plaintiff received additional calls from Defendant and its affiliates not included above.

56. The impersonal and generic nature of Defendant's calls shows that Defendant utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the call.

57. In total, Defendant and/or its affiliates placed at least seven (7) telephone solicitation call to Plaintiff.

58. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendant.

59. Defendant has a pattern and/or practice of failing to comply with the TCPA and the foregoing acts and omissions were in violation of the TCPA.

60. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.

61. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

62. The acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

63. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

64. Plaintiff is also entitled to an award of costs.

65. Defendant's call was not made for "emergency purposes."

66. Defendant's call to Plaintiff were made without any prior express written consent.

67. Defendant contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

68. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

69. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

70. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

71. Plaintiff, in discovery will identify additional telephone calls made by Defendant's and or its agents or affiliates, and requests leave to amend the complaint after identifying.

72. To the extent Defendant, outsourced its illegal robocalling to make the initial telephone call, Defendant is still liable for calls that violate the TCPA.

73.     Defendant hired, permitted, and enjoyed the benefits of any lead generator and call centers mass robocalling.

## COUNT 1.

### Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

74.     Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.

75.     Defendant or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least seven (7) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

76.     Plaintiff was statutorily damaged at least seven (7) times under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the telephone call described above, in the amount of $500.00 for each.

77.     Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations. WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $10,500.00 plus costs and any other remedy deemed appropriate.

## COUNT 2.

### Initiating A Telephone Solicitation To A Telephone Subscriber Who Has Registered His Number On The Do-Not-Call List At Least 31 Days Prior To The Telephone Call. 47 C.F.R. § 64.1200(C)(2)

78.     Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

79.     Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

80. Defendant called Plaintiff's telephone at least seven (7) times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days before Defendant's calls, in violation of 47 C.F.R. § 64.1200(c)(2).

81. Plaintiff was statutorily damaged at least seven (7) times under 47 U.S.C. § 227(c)(5)(B) by the Defendant by the telephone calls described above, in the amount of $500.00 for each of the seven (7) telephone calls.

82. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $10,500.00 plus costs and any other remedy deemed appropriate.

## COUNT 3.

Violations of The Illinois Telephone Solicitations Act, 815 ILCS 413

83. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

84. The Illinois Telephone Solicitations Act, inter alia, prohibits the making of a call in a manner which impedes the function of caller ID. 815 ILCS 413/15(c).

85. The Illinois Telephone Solicitations Act allows for the recovery of three times the actual damages assessed for a violation of the Act.

86. Each call Defendant made impeded the function of caller ID by utilizing a fake or blocked phone number.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of three times actual damages plus costs and any other remedy deemed appropriate.

## COUNT 4.

### Violations of the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305

87. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

88. The Illinois Automatic Telephone Dialers Act prohibits impeding the functions of Caller ID. 815 ILCS 305/15.

89. Nonetheless, Defendant or one of its affiliates or vendors did.

90. The ATDA allows for the recovery of statutory damages of $500 per violation.

91. Defendant violated the ATDA each time it called Plaintiff, for a total of seven (7) times.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $3,500.00 plus costs and any other remedy deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendant, in an amount to be more fully determined at trial, but at least $24,500.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C);

D. Statutory damages of $500 per call for each and every violation of 47 U.S.C. § 227(c);

E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(C);

F. Actual damages under the Illinois Telephone Solicitations Act;

G. $500 per violation of the Illinois Automatic Telephone Dialers Act;

H. All reasonable attorneys' fees, witness fees, court costs, pre and post-judgment interest, and other litigation costs incurred by Plaintiff;

I. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

J. Leave to amend this Complaint to conform to the evidence presented at trial; and

K. Any other relief this Court deems proper.

Respectfully submitted,

Dated: August 14, 2022  /s/ Shane VanHoven

SHANE VANHOVEN
vanhovenshane@gmail.com
Plaintiff in Pro Se
171 E. HALE ST
ELMHURST, IL 60126
612-232-2625